UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CLAUDETTE C. JOHNSON and
CLIFFORD JOHNSON

    CIVIL ACTION

v.

    NO. 14-740-JWD-SCR

TOYOTA MOTOR SALES,
U.S.A., INC. et al.


## *SUA SPONTE* BRIEFING ORDER


  Federal courts are courts of limited jurisdiction. The burden of establishing jurisdiction in this court lies with the party invoking the federal forum, in this case, the plaintiff who filed the lawsuit in this court. (Doc. 1). *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The plaintiff contends that this Court has subject matter jurisdiction under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d). (Doc. 1, ¶ 5).

  The MMWA supports jurisdiction in this court only if the amount in controversy exceeds $50,000.00, exclusive of interest and costs. 15 U.S.C. § 2310(d)(3)(B); *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883 (5th Cir. 2014). After reviewing the Complaint in this matter, it is not facially apparent that the amount in controversy requirement is met in this case. (Doc. 1, ¶ 9). The plaintiffs allege that "[t]he sales price of the AVALON was $40,168.54, excluding finance charges. Plaintiffs made a down payment in the amount of $1,500.00. The total cost of the vehicle to Plaintiffs including finance charge will be over $50,000.00." (*Id.*) Plaintiffs further

allege under MMWA that "Plaintiffs have been damaged in an amount in excess of $50.000.00 according to proof at trial." (*Id.*, ¶ 40).

Because the amount in controversy is jurisdictional, this Court must raise the issue *sua sponte* if there is any doubt concerning subject matter jurisdiction. *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 217 (5th Cir. 1998). "[S]tatutes conferring jurisdiction are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984). The test to be applied is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional threshold]." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1263 and n.13 (5th Cir. 1998).

The Complaint does not explain how Plaintiffs reach the $50,000.00 figure. While, in connection with Plaintiffs' supplemental jurisdiction claim under Louisiana laws of redhibition, Plaintiffs claim entitlement to a return of the purchase price plus "collateral costs of the sale, finance charges, insurance premiums, [] out of pocket expenses ... [and] attorney fees" (Doc. 1, ¶¶ 29-30), it is clear that neither attorney fees nor damages for any pendent state law claims can be used to satisfy the MMWA jurisdictional amount. *Scarlott v. Nissan North America, Inc.*, 771 F.3d at 887-88. There is considerable doubt as to whether finance charges can be included in this amount. *Golden v. Gorno Bros.*, 410 F.3d 879, 884 (6th Cir. 2005) (citing *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 521 (7th Cir. 2003).

Accordingly,

IT IS ORDERED that the plaintiffs shall, no later than 30 days from the date of this order, file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds $50,000.00, exclusive of interest and costs. These facts should be supported

by summary judgment type evidence. The defendants will be allowed 14 days to respond to the plaintiffs' submission.

Signed in Baton Rouge, Louisiana, on <u>July 6, 2015</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**